Matter of Moody (2021 NY Slip Op 07475)





Matter of Moody


2021 NY Slip Op 07475


Decided on December 23, 2021


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ. (Filed Dec. 23, 2021.)


&em;

[*1]MATTER OF SIMON K. MOODY, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of disbarment entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on June 24, 1993, and he formerly maintained an office in Auburn. In August 2020, the Grievance Committee filed a petition asserting against respondent a single charge of professional misconduct, which alleges that he engaged in conduct that adversely reflects on his fitness as a lawyer by sending to a client via text message four unsolicited images of his genitalia. The Grievance Committee simultaneously filed a motion for an order suspending respondent from the practice of law on an interim basis on the ground that he had failed to cooperate in a grievance investigation concerning five additional client complaints. Respondent thereafter failed to appear before this Court or to file papers in response to that motion and, by order entered September 16, 2020, the Court suspended respondent from the practice of law on an interim basis effective immediately and until further order of the Court (Matter of Moody, 187 AD3d 1603 [4th Dept 2020]). Respondent remains suspended pursuant to that order. In January 2021, the Grievance Committee filed a second petition asserting against respondent four charges of professional misconduct, including neglecting client matters, failing to refund unearned legal fees, failing to cooperate in the grievance investigation, and failing to comply with attorney registration requirements. In June 2021, the Grievance Committee filed a motion for an order, pursuant to 22 NYCRR 1240.8 (a) (6), finding respondent in default and deeming admitted the allegations of both petitions on the ground that, although respondent was personally served with the petitions in August 2020 and January 2021, respectively, he failed to file an answer within 20 days after he was served as required under the rules of this Court (see 22 NYCRR 1020.8 [b]). The Grievance Committee has filed proof that respondent was personally served with the motion for default in May 2021. Respondent thereafter failed to file papers in response to the motion on or before the deadline imposed by the Court. Consequently, we grant the motion of the Grievance Committee, find respondent in default on the petitions, and deem admitted the allegations therein.
With respect to the sole charge of the petition filed in August 2020, respondent admits that, in late 2018, he was retained to represent a client in a criminal matter. Respondent admits that, on or about April 20, 2019, while the criminal matter was pending, he engaged in a series of text messages with the client whereby respondent sent to the client four unsolicited images of his genitalia. Respondent admits that, after the client filed a grievance complaint, respondent asserted during the investigation that he mistakenly believed he had been exchanging text messages with a friend or acquaintance who lives in Florida. Respondent admits, however, that the series of text messages between respondent and the client contain numerous references to the personal circumstances of the client, without any indication that respondent believed he was corresponding with a person other than the client.
With respect to the second petition that was filed in January 2021, respondent admits in relation to charge one that, between April 2019 and September 2020, he engaged in neglect or failed to communicate with his clients in relation to six legal matters. With respect to charge two, respondent admits that he failed to refund unearned legal fees in relation to four of the six client matters specified in charge one. With respect to charge three, respondent admits that, since at least January 2020, he has failed to comply with attorney registration requirements. With respect to charge four, respondent admits that he failed to submit to the Grievance Committee in a timely manner written responses to the client complaints that gave rise to charges one and two and, in February 2020, he failed to appear for a scheduled interview at the offices of the Grievance Committee.
Based on respondent's admissions set forth in the petitions, we find respondent guilty of professional misconduct and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to him;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information;
rule 1.15 (c) (4)—failing to deliver to a client or third person in a prompt manner, as requested by the client or third person, funds or other property in his possession that the client or third person is entitled to receive;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
We additionally conclude that respondent has violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to comply with attorney registration requirements.
In determining an appropriate sanction, we have considered respondent's grievance history, which includes a letter of admonition issued by the Grievance Committee in 2013 for neglecting a client matter and six non-disciplinary letters of caution or advisement issued by the Grievance Committee between 2003 and 2018 based on two alcohol-related driving crimes and other allegations of misconduct, including respondent's alleged neglect of a client matter. We have also considered the serious nature of respondent's admitted misconduct in this matter and his failure to file an answer in response to the charges, which evinces a disregard for his fate as an attorney (see Matter of Rothschild, 127 AD3d 178, 180 [4th Dept 2015]). Finally, we have considered that, following entry of this Court's order of interim suspension in September 2020, the Court has twice found respondent guilty of criminal contempt of court for holding himself out as an attorney, practicing law, and accepting legal fees from clients in disregard of the lawful mandates set forth in the order of interim suspension. Accordingly, we conclude that respondent should be disbarred.